IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| CLAYTON DOUGLAS KIRN,<br><br>       Petitioner,<br>vs.<br><br>DEMETRIC GODFREY, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>       Respondents. | Cause No. CV 25-59-BU-BMM<br><br>ORDER |

    State pro se prisoner Clayton Douglas Kirn ("Kirn") filed an application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1.)

    The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases.

1

**Background**

Following a jury trial in Montana's First Judicial District Court, Butte-Silver Bow County, Kirn was convicted of Aggravated Burglary and Obstructing a Police Officer. (Doc. 1 at 1-2); *see also State v. Kirn*, 530 P. 3d 1 (Mont. 2023). Kirn timely appealed arguing that his pretrial motion to dismiss should have been granted based upon a purported speedy trial violation and that the jury was improperly instructed. *Kirn*, 2023 MT 98, ¶1. Kirn also contended that his sentencing was based upon incorrect information surrounding his criminal history. *Id*. The Court determined Kirn's right to a speedy trial was not violated, *Id*. at ¶¶21-40, and the Court declined to exercise plain error review and consider the alleged errors in instructing the jury. *Id*. at ¶¶45-48. The Court did, however, find that Kirn was entitled to resentencing because the district court relied upon incorrect information when it imposed his sentence. *Id*. at ¶¶56-59. The matter was remanded with the limited directive that Kirn be resentenced based upon accurate criminal history/sentencing information. *Id*. at ¶59.

Kirn was resentenced on September 5, 2023, to a 40-year prison sentence. (Doc. 1 at 1-2.) Kirn appealed. Appellate counsel for Kirn ultimately filed a motion and brief asking to be allowed to withdraw, pursuant to Mont. Code Ann. §46-8-103(20 and *Anders v. California*, 386 U.S. 738 (1967), stating that he had been unable to find any nonfrivolous issues for appeal. Kirn responded to counsel's

brief and objected to counsel's motion. After an independent review of the record, the Montana Supreme Court concluded there were no arguments with potential legal merit that could be raised on direct appeal and dismissed the matter. *See State v. Kirn*, DA 23-0668, DA 23-0668 (Mont. April 8, 2025.)[1]

Kirn asserts (1) his underlying conviction resulted from a prejudicial courtroom identification at trial, (Doc. 1 at 3-7); (2) his resentencing was based on the same incorrect sentencing information considered during the original sentencing hearing, in violation of his constitutional rights, (*Id*. at 8-11); and (3) during trial certain witnesses were unlawfully allowed to remain in the courtroom and heard other witnesses' testimony. (*Id*. at 11-12.) Kirn asks this Court to vacate his conviction. (*Id* at 12.)

**Exhaustion/Procedural Default**

In his petition Kirn indicated that he had filed a petition for postconviction relief in the state district court, however, a review of the state court docket revealed no such filing. *See e.g*., (Doc. 4 at 3.) It was then explained to Kirn that all of his claims appeared to be either unexhausted and/or procedurally defaulted. (*Id*. at 4-5.) Kirn was provided an opportunity to show cause as to why his claims should

---

[1] Available at Montana Supreme Court Docket: https://supremecourtdocket.mt.gov/PerceptiveJUDDocket/ (accessed October 14, 2025).

not be dismissed with prejudice and was advised of the ways in which he might make such a showing. (*Id.*)

Kirn timely responded to the Court's order. In the interim, it appears he did file a petition for postconviction relief in the state district court. *See*, (Doc. 6-1); *see also Kirn v. State*, Cause No. DV-25-266, Pet. (filed Aug. 11, 2025).[2] No action has yet been taken on this matter by the state court. Thus, it is possible that the state courts could rule on issues Kirn presents in his federal petition.

A federal court may entertain a petition for habeas relief only if the petitioner has exhausted his state court remedies before petitioning for a writ in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

---

[2] For purposes of clarity, the Clerk of Court will be directed to attach a copy of the state court docket sheet as an exhibit to this Order.

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A) through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008), and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies." *Id.. see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

In the present case, and as explained in a prior order, the state courts have not yet considered the claims Kirn attempts to advance. Kirn must present these same claims to the state courts, including the Montana Supreme Court, in a procedurally appropriate manner and give them one full opportunity to review his federal constitutional claims. *O'Sullivan*, 526 U.S. at 845.

Because Kirn has not yet completely exhausted his available state court remedies, this Court cannot review the claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal will be **without prejudice**, allowing Kirn to return to this Court if and when he fully exhausts the claims relative to his current custody. If the Court

were to rule on Kirn's petition as it now stands, he would be precluded from returning to this Court in the future, including following the resolution of his state postconviction proceedings.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Kirn has not yet made a substantial showing that he was deprived of a federal constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are

no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Kirn's Petition (Doc. 1) is DISMISSED **without prejudice** as unexhausted.

2. The Clerk of Court is directed to attach a copy of the docket sheet in *Kirn v. State*, Cause No. DV 25-266, as an exhibit to this Order.

3. The Clerk of Court is directed to enter a judgment of dismissal.

4. A certificate of appealability is DENIED.

DATED this 15th day of October, 2025.

_____
Brian Morris, Chief District Judge
United States District Courts